U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG - 2 2017

TONY R. MOORE, CLERK
BY: _____
         DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BOBBY BARTLETT, ET AL. | DOCKET NO.:1:16-cv-00556 |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| WAL-MART STORES, INC., ET AL. | MAG. JUDGE PEREZ-MONTES |

## RULING

Before the court is an unopposed[1] motion for summary judgment filed by defendant, Amigo Mobility International, Inc. ("Amigo"), which seeks dismissal of all claims against it. For the reasons expressed below, the court finds Amigo's motion should be **GRANTED**.

I.   Facts

This matter arises out of a fall Bobby Bartlett sustained on January 6, 2016, while operating a mobile cart ("cart #UL-04297") at Alexandria Walmart Supercenter on N. Mall Drive, Alexandria, Louisiana. Plaintiffs are the children and survivors of Bobby Bartlett, and they contend the accident occurred as a result of cart #UL-04297 tipping over as a result of missing stabilization wheels, also known as casters.

Plaintiffs initially sued Amigo alleging it was the manufacturer of cart #UL-04297 and responsible for maintenance prior to the accident. In an amended complaint (Doc. 17), plaintiffs named the proper manufacturer, leaving only the allegation that Amigo negligently maintained/repaired cart #UL-04297.

---

[1] On May 9, 2017, plaintiffs filed a "Notice of No Opposition to Motion for Summary Judgment of Amigo Mobility International, Inc." Doc. 62.

Walmart contracted with Amigo to perform repairs on mobile carts located at Alexandria Walmart Supercenter, and Amigo subcontracted the repair work to RoadRunner Kart Services ("RoadRunner"). In July 2015, Alexandria Walmart Supercenter submitted several carts, including cart #UL-04297, for service and/or repair. The only complaint lodged regarding cart #UL-04297 was that it would not hold a charge. At no time prior to January 6, 2016, did Walmart submit cart #UL-04297 to Amigo or RoadRunner for repairs related to stabilization casters.

Bradley Hendon of RoadRunner performed the repairs to #UL-04297. Mr. Hendon personally ensured the cart was repaired and its ability to take a charge was restored. Additionally, as part of RoadRunner's practice, he checked stabilizing casters, the seat and frame for problems. He "personally checked and confirmed that the casters on this particular cart were in place and functioning at the time of the repair regarding its failure to hold a charge. This is signified by the [check mark] on [the repair record attached as] exhibit A" to his affidavit. Doc. 52-2, p.1. All repairs were completed by August 3, 2015, and Walmart placed cart #UL-04297 back into service that same month. No further requests for repairs of cart #UL-04297, of any type, were requested between August 3, 2015 and January 6, 2016.

## II. Law and Analysis

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See Anders on v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." Seacor Holdings, Inc. v. Commonwealth Ins. Co., 635 F.3d 680 (5th Cir.2011)(internal citations omitted). It is important to note that the standard for summary

judgment is two-fold: (1) there is no genuine dispute as to any material fact, and (2) the movant is entitled to judgment as a matter of law.

The movant has the burden of pointing to evidence proving there is no genuine dispute as to any material fact, or the absence of evidence supporting the nonmoving party's case. The burden shifts to the nonmoving party to come forward with evidence which demonstrates the essential elements of his claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The nonmoving party must establish the existence of a genuine dispute of material fact for trial by showing the evidence, when viewed in the light most favorable to him, is sufficient to enable a reasonable jury to render a verdict in his favor. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Duffy v. Leading Edge Products, Inc., 44 F.3d 308, 312 (5th Cir.1995). A party whose claims are challenged by a motion for summary judgment may not rest on the allegations of the complaint and must articulate specific factual allegations which meet his burden of proof. Id. "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." Duffy, 44 F.2d at 312, citing Anderson v Liberty Lobby, 477 U.S. at 247.

Amigo asserts in its motion and substantiates with the affidavit of Mr. Hendon that cart #UL-04297 was submitted by Walmart for repair for failure to take a charge in July 2015. The issue was resolved, and pursuant to policy, the stabilizing casters were inspected. Mr. Hendon noted the casters were in place and in proper working order; thus, at the time of cart #UL-04297's return to Walmart in August 2015, the stabilizing casters were in place. Moreover, Amigo was not contacted to repair or maintain cart #UL-04297 at any time between August 2016 and January 2016.

As plaintiffs do not oppose the motion for summary judgment (Doc. 62), and, thus do not present any argument or evidence to contradict Amigo's statements and/or evidence, there is no

3

dispute of material fact. The stabilizing casters were in place and in proper working order at the time RoadRunner, on behalf of Amigo, last had possession or control of cart #UL-04297. Accordingly, it cannot be held liable for injuries sustained by Mr. Bartlett on January 6, 2016.

### III. Conclusion

For the foregoing reasons, the court finds Amigo's motion for summary judgment should be granted. The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**August ___, 2017**

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT